**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108731

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MCENROE,<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Docket No: **'15CV0901 L    DHB**<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

LISA MCENROE (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against MIDLAND CREDIT MANAGEMENT, INC. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and The Rosenthal Fair Debt Collection Practices Act ("The Rosenthal Act") California Civil Code §1788 et. seq..

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of California.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in SAN DIEGO, CALIFORNIA.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence annexed hereto as "Exhibit 1."

14. Defendant's written correspondence to Plaintiff was a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's communication violated the FDCPA and The Rosenthal Act.

# FIRST COUNT
**Violation of 15 U.S.C. § 1692e**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

18. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

19. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

20. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

21. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

22. Here Defendant's letter sets forth that the "Original Creditor" is "WEBBANK."

23. Defendant's letter also provides, "RE: Webbank / Dell Financial Services L.L.C."

24. Defendant's letter provides no explanation as to the relationship, if any, between Webbank and Dell Financial Services L.L.C.

25. Defendant's letter provides no explanation as to why the Original Creditor is listed as "WEBBANK," but the letter concerns also "Dell Financial Services L.L.C."

26. Additionally, Defendant's letter provides that "If you pay your full balance, we will report your account as **Paid in Full**. If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance**." (Emphasis in letter.)

27. Defendant's letter would lead the least sophisticated consumer to believe that *any* payment made to Defendant would result in the account being reported as either "Paid in Full" or "Paid in Full for less than the full balance."

28. Defendant's letter can be reasonably read to have two or more different meanings, one of which is inaccurate.

29. The "least sophisticated consumer" would likely be deceived in a material way by Defendant's conduct.

30. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## SECOND COUNT
## Violation of the Rosenthal Fair Debt Collection Practices Act
## California Civil Code §§ 1788-1788.32

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

32. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall comply with Sections 1692b through 1692j of the FDCPA.

33. Defendant's conduct, as described herein, violates the aforesaid sections of the FDCPA.

34. Because Defendant's conduct, as described herein, violates the FDCPA, it also violates California Civil Code § 1788.17.

35. Defendant's conduct, as described herein, violates multiple provisions of The Rosenthal Act.

36. California Civil Code § 1788.17 provides that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692K of the FDCPA.

37. California Civil Code § 1788.30 also provides for actual and statutory damages, as well as the award of reasonable attorney's fees.

38. California Civil Code § 1788.32 provides that the remedies provided in § 1788.30 are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

39. Defendant is liable to Plaintiff pursuant to California Civil Code § 1788.30.

## JURY DEMAND

40. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

    b.       Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c.       Damages against Defendant pursuant to The Rosenthal Act §1788.30.

    d.       Plaintiff's costs; together with

    e.       Such other relief that the Court determines is just and proper.

DATED: April 21, 2015

**BARSHAY SANDERS PLLC**

By: /s/ Craig B. Sanders
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 108731